IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. BRUZZONE,

    Plaintiff,

  v.

INTEL CORPORATION, *et al.*,

    Defendants.

No. C 16-80233 WHA

**ORDER RE PRE-FILING REVIEW OF COMPLAINT**

    For years, plaintiff Michael Bruzzone has tirelessly pursued a series of frivolous, duplicative, and abusive lawsuits against defendant Intel Corporation (and others). The undersigned, presiding over one such action in 2014, eventually declared plaintiff a vexatious litigant and ordered pre-filing review of any further pro se complaints brought by plaintiff against Intel in this district. *Bruzzone v. Intel Corp.*, No. 3:14-cv-01279-WHA (Dkt. No. 88).

    On November 18, 2016, the undersigned reviewed and rejected yet another proposed complaint from plaintiff that named as defendants 19 entities and individuals, including the undersigned (Dkt. No. 1). Plaintiff then submitted a document titled "Declaratory Relief - Case Reinstatement / Equity," seeking to "reinstate" the proposed complaint and disqualify the undersigned pursuant to 28 U.S.C. 455(a) & (b)(1) (Dkt. No. 4). Section 455(a) & (b)(1) provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party." Section 455 is self-enforcing. Although a party may "prompt the judge . . . to determine independently whether all the circumstances call

for recusal under [Section 455(a) & (b)(1)]," the matter is one for the judge to decide within their sound discretion. *United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980).

The standard for disqualification based on personal bias and prejudice is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citations omitted). Section 455(a) & (b)(1) "require[s] recusal only if the bias or prejudice is directed against a party and stems from an extrajudicial source." *Sibla*, 624 F.2d at 869.

Importantly, allegations of bias or prejudice involving a judge's judicial acts, including prior adverse rulings against a party, do *not* constitute the requisite bias or prejudice. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994); *Studley*, 783 F.2d at 939; *Ronwin v. State Bar of Ariz.*, 686 F.2d 692, 701 (9th Cir. 1981), *rev'd on other grounds*, *Hoover v. Ronwin*, 466 U.S. 558 (1984). Under this framework, plaintiff's rehashed complaints about the undersigned's adverse rulings against him in a prior action do not justify disqualification under Section 455.

Although plaintiff did not mention it, this order recognizes that Section 455(b)(5)(i) requires a judge to disqualify himself from proceedings to which he is a party. Based on this, the undersigned has already recused himself from five other lawsuits brought by plaintiff in 2016. *Bruzzone v. Intel Corp.*, No. 3:16-mc-80042-VC (Dkt. No. 2); *Bruzzone v. Intel Corp.*, No. 3:16-mc-80063-HSG (Dkt. No. 3); *Bruzzone v. Alsup*, No. 3:16-mc-80103-RS (Dkt. No. 4); *Bruzzone v. Intel Corp.*, No. 3:16-mc-80111-EMC (Dkt. No. 4); *Bruzzone v. Intel Corp. Legal Dept.*, No. 3:16-mc-80126-JST (Dkt. No. 5). Upon considering plaintiff's litigation activities up to this point, however, this order concludes recusal is unnecessary here because plaintiff's naming of judges as defendants in his lawsuits is clearly as frivolous as the lawsuits themselves.

Although Section 455(b)(5)(i) does not expressly provide for a judge's exercise of discretion, circuit courts have upheld district judges' decisions not to disqualify themselves "unless there is a legitimate basis for suing the judge." *E.g.*, *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (citing *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. Feb. 22, 1988)). Such decisions have recognized, "at least in principle, a potential exception to [Section 455(b)(5)(i)] when the naming of a judge as a defendant is frivolous." *Mina v. Chester Cty.*,

2

2015 WL 6550543, at *6 (E.D. Pa. Oct. 29, 2015). For example, in *Gabor v. Seligmann*, our court of appeals upheld a district judge's decision not to recuse himself even though he was named as a defendant in an amended complaint. 222 F. App'x 577, 578 (9th Cir. 2007). And, in *Davis v. Kvalheim*, the Eleventh Circuit upheld a district judge's decision not to recuse himself from a lawsuit that, like this one, frivolously accused a laundry list of defendants — including the presiding judge — of conspiring to violate the plaintiff's rights. 261 F. App'x 231, 232–34 (11th Cir. 2008).

Our court of appeals declined in *Glick* to decide whether Section 455(b)(5)(i) "excepts, for example, a situation in which a plaintiff's claims against the presiding judge are facially improper or frivolous," opting to affirm on other grounds two judges' refusals to recuse themselves in that case. *Glick*, 803 F.3d at 508. The Eleventh Circuit in *Davis* similarly avoided deciding the issue but noted that, given the frivolousness of the underlying claims, the district judge's decision not to recuse himself was harmless error even if it was a "technical violation" of Section 455(b)(5)(i). *Davis*, 261 F. App'x at 234. Decisions addressing this issue have also invoked other legal principles to justify their departure from the literal reading of Section 455(b)(5)(i). One such principle is that "'[a] judge is not disqualified merely because a litigant sues or threatens to sue him.' . . . Such an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin*, 686 F.2d at 701 (citing *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied*, 435 U.S. 954 (1978)); *see Gabor*, 222 F. App'x at 578. Relatedly, a non-literal interpretation of Section 455(b)(5)(i) prevents plaintiffs from "judge-shopping" by simply naming judges as defendants. *See Andersen*, 681 F. Supp. at 1289. Another principle relevant here is the ancient "rule of necessity" permitting otherwise disqualified judges to hear cases that cannot otherwise be heard, *e.g.*, where a litigant alleging systematic conspiracy has sued or will eventually sue every judge available. *See Davis*, 261 F. App'x at 234; *Glick*, 803 F.3d at 508–09.

Each of these principles would support a non-literal reading of Section 455(b)(5)(i) here. In 2016 alone, plaintiff has named the undersigned as a defendant on five frivolous proposed complaints (not counting the instant action), effectively circumventing the streamlining purpose

3

of pre-filing review as his lawsuits were reassigned to five other judges in this district. Moreover, after Judge Richard Seeborg dismissed plaintiff's third proposed complaint this year, plaintiff named both the undersigned and Judge Seeborg as defendants in yet another proposed complaint. *Bruzzone v. Intel Corp. Legal Dept.*, No. 3:16-mc-80126-JST (Dkt. No. 2). Now, in his sixth proposed complaint this year, plaintiff claims the fraudulent "scheme" against him — a recurring theme in his lawsuits — has expanded to encompass at least nine judges in both federal and state courts (Dkt. No. 1 at 63).

Plaintiff should not be permitted to circumvent pre-filing review, waste judicial resources much needed in legitimate cases, and hinder the efficient administration of justice with volleys of frivolous lawsuits. Nor should he be able to judge-shop by simply naming as defendants judges who have ruled against him. Although plaintiff has not yet sued every judge in this district, even the rule of necessity is implicated here because plaintiff has already demonstrated his willingness to incorporate judges who rule against him into his ever-expanding conspiracy theory. As the *Mina* decision aptly put it, "[w]ith respect to the potential naming of other federal judges in this district as defendants, it takes no great guesswork to figure out what the future holds should the plaintiff[] persist in filing lawsuits." *Mina*, 2015 WL 6550543, at *7 (citing *Glick*, 803 F.3d at 509). To recuse in this case would invite "as many problems as it solves," and our court of appeals has stated it will not "require courts to acquiesce to the extraordinary demands of vexatious litigants." *Glick*, 803 F.3d at 509. Thus, given the foregoing vexatious history, this order concludes the undersigned is not disqualified under Section 455(b)(5)(i) — despite being named as a defendant in the proposed complaint at issue.

This order also addresses, although plaintiff did not, Local Rule 3-14, which provides, "Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge." The commentary to the rule added, "This rule does not preclude a Judge from referring matters arising under 28

4

1 U.S.C. § 455 to the Clerk so that another Judge can determine disqualification," indicating such
2 referral is permitted but not required.  The rule does not require referral of plaintiff's instant
3 request for disqualification, which relies on Section 455, not Section 144, and is legally
4 insufficient in any case.  Insofar as the spirit of Rule 3-14 may be implicated here, moreover, it
5 does not compel referral under the circumstances of this case for the same reasons that Section
6 455(b)(5)(i) does not compel disqualification.

Plaintiff's proposed complaint, like others he has filed this year, does not state a potentially cognizable claim.  Accordingly, the Clerk is instructed not to accept the proposed complaint for filing, and this action is **DISMISSED**.

**IT IS SO ORDERED.**

Dated:  December 9, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5